```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
UNITED STATES OF AMERICA                :
                                        :    Docket No.: 03-CR-757 (VLB)
     -v-                                :
                                        :
SEYMOUR KUSHNER,                        :
                                        :
           Defendant.                   :
                                        :
                                        :
                                        :
                                        :
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

# MEMORANDUM OF LAW IN SUPPORT OF
# MOTION TO DISMISS SPECIFICATION 2 OF THE
# PROBATION DEPARTMENT'S REQUEST FOR COURT ACTION

CREIZMAN PLLC
565 Fifth Avenue
7th Floor
New York, New York 10017
T: (212) 972-0200
F: (646) 200-5022
E: ecreiz@creizmanllc.com

October 21, 2012

Seymour Kushner, by his attorneys, submits this memorandum of law in support of his motion to dismiss Specification 2 of the Request for Court Action alleging violations of Mr. Kushner's supervised release conditions, dated September 17, 2012 (the "Charging Document," annexed as Exhibit A to the Creizman Declaration).

## **PRELIMINARY STATEMENT**

Specification 2 of the Charging Document alleges that Seymour Kushner violated a condition of his supervised release by failing to comply with his mandated sex offender treatment program. According to the Charging Document, Mr. Kushner engaged in activities contrary to a directive given by Mr. Kushner's counselor to "redirect some of his anger and sexually degrading thoughts" about a prior therapist and cease his "sexual obsession" towards that therapist. The activities alleged to have violated this Specification appear to be Mr. Kushner's lawful internet searches of information relating to that therapist, which, per the Charging Document, he had openly discussed performing months before his alleged violation and which no one *ever* had prohibited him from doing.

The Court should dismiss Specification 2 because it fails to pass Constitutional muster. *First*, to the extent the directive seeks to punish Mr. Kushner for his thoughts and feelings, it improperly applies to involuntary conduct -- status offenses -- which are well established to be unconstitutional. *Second*, the directive deprives Mr. Kushner of his right to due process of law by failing to inform him of the conduct that would violate the directive. Indeed, the directive is inscrutable and Mr. Kushner must necessarily guess at its meaning. Accordingly, Specification 2 is unconstitutional on its face and should be dismissed.[1]

---

[1] We submit that Specification 1 is equally deficient in that the government will be unable to establish the falsity and/or materiality of Mr. Kushner's alleged statements, or that Mr. Kushner

*(Footnote continued)*

**STATEMENT OF FACTS**

On December 3, 2003, Seymour Kushner was sentenced to the statutory mandatory minimum period of five years' incarceration on his guilty plea to attempted coercion and enticement of a minor to engage in sexual activity under 18 U.S.C. § 2242(b). Creizman Decl. Ex. A at 2. Mr. Kushner was released from prison on May 22, 2008 and is currently serving a five-year period of supervised release. *Id.* On September 6, 2012, Mr. Kushner was accused for the first time in his more than four years on supervised release of violating certain release conditions. *Id.* According to the Charging Document, Mr. Kushner: (i) made false statements to a Probation Officer in connection with questions regarding lawful searches he performed on the internet (Specification 1, *id.* at 3-4); and (ii) failed to comply with his mandated sex offender treatment program (Specification 2, *id.* at 4-7).

With respect to Specification 2 -- Mr. Kushner's alleged failure to comply with his sex offender treatment program -- the Charging Document alleges that "on or before August 8, 2012, and continuing to the present day," he "engaged in activities contrary to treatment after being directed to cease such behavior." *Id.* at 4. Specifically, the Charging Document alleges that in therapy sessions beginning sometime in late 2011 or early 2012, Mr. Kushner revealed that he was having "sexually degrading" thoughts about his then-psychotherapist, Dr. Must. *Id.* at 5. According to the Charging Document, Mr. Kushner was reassigned a new therapist in April 2012, Kenneth Lau, who ordered Mr. Kushner "to redirect some of his anger and sexually degrading thoughts about Dr. Must. Kushner was given a directive to cease this behavior and told to avoid discussing it further in treatment on several occasions." *Id.*

---

intended to deceive the Probation Officer. Nevertheless, we recognize that such matters generally are decided by the fact-finder. Specification 2, however, is Constitutionally invalid on its face and should be dismissed at the pleading stage.

2

The Charging Document alleges that beginning sometime in August 2012, Mr. Kushner violated Mr. Lau's directive by conducting internet searches relating to Dr. Must, which included: (i) learning that Dr. Must would be attending and presenting at a conference in Colorado and revealing that information to another therapist at the treatment facility (*id.* at 5-6); (ii) "f[inding] out about Dr. Must and her credentials and all papers that she had published and written since college" (*id.* at 6); (iii) learning that Dr. Must resided in Brooklyn (*id.*) ; and (iv) reviewing listings for apartments for sale or rent in the building in which Dr. Must resided (although the Charging Document concedes it has no evidence Mr. Kushner searched for her exact address or ever knew her exact address) (*id.*).  The Charging Document concedes that Mr. Kushner revealed in treatment sessions as early as April 2012 that he had conducted internet research on Dr. Must.  *Id.* at 5.  Furthermore, the Charging Document does not allege that Mr. Kushner was ever directed to refrain from conducting internet searches relating to Dr. Must and, in fact, there never was any such prohibition communicated to Mr. Kushner.[2]

## ARGUMENT

Conditions of supervised release must be "sufficiently clear and specific to serve as a guide for the defendant's conduct and for such supervision as required."  18 U.S.C. § 3583.  A condition, "however well-intentioned" that is not sufficiently clear "may not be imposed." *United States v. Reeves*, 591 F.3d 77, 80 (2d Cir. 2010).  This is because a defendant has a due process right "to give a person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly."  *United States v. Simmons*, 343 F.3d 72, 81 (2d Cir.

---

[2] The Charging Document devotes the first four paragraphs of Specification 2 to largely-irrelevant "background" information.  Although much of this background discussion is generally critical of Mr. Kushner's participation in his treatment program, his conduct prior to August 2012 is not alleged to have violated Specification 2.  Moreover, although the entire Charging Document is larded with opinions and conclusory assertions masquerading as fact, the final three paragraphs of Specification 2 are particularly inflammatory because they do not reflect anything that Mr. Kushner did wrong.  *Id.* at 6-7.  Instead, those paragraphs focus on pure, unfounded speculation by officers of the Probation Department.

2003). *See also*, *United States v. Spencer*, 640 F.3d 513, 520 (2d Cir. 2011) (A defendant has a "due process right to conditions of supervised release that are sufficiently clear to inform him of what conduct will result in [the defendant] being returned to prison") (citations omitted). Thus, a condition of supervised release violates due process where, as here, "men of common intelligence must necessarily guess at its meaning and differ as to its application." *United States v. Green* 618 F.3d 120, 122 (2d Cir. 2010).

Under any rational standard, Mr. Lau's nebulous directive that Mr. Kushner cease his anger, "sexually degrading thoughts," and "sexual obsession" relating to Dr. Must is plainly unconstitutional. As an initial matter, to the extent the directive attempts to hold Mr. Kushner accountable for his involuntary thoughts and feelings, it demands the impossible and is thus invalid. *See, e.g.*, *Spencer*, 640 F.3d at 521 (reversing district court's finding that releasee violated a supervised release condition that required him to provide ten days' notice to Probation Officer of any change in employment where releasee was fired from job without ten days' advance notice). Indeed, a directive that seeks to punish Mr. Kushner for his thoughts and feelings is akin to a "status" offense, which the Supreme Court has long held is unconstitutional. *See Robinson v. California*, 370 U.S. 660, 667 (1962) (invalidating state law that makes it an offense to be addicted to narcotics as unconstitutional under the Eighth and Fourteenth Amendments). *See also*, *Gesicki v. Oswald*, 336 F. 3d 371 (S.D.N.Y. 1971) (invalidating New York State law as unconstitutional that imposed punishment on juveniles for "wayward" status).

Mr. Lau's directive is also unconstitutionally vague in that it did not, and cannot, put Mr. Kushner on sufficient notice of the specific conduct that violates the directive. Here, Mr. Kushner was never prohibited from conducting internet searches relating to Dr. Must, even after he made his therapist aware of such searches at least four months before to his allegedly offending conduct. Moreover, nothing relating to his searches as reported in the Charging

4

Document even remotely suggests Mr. Kushner had any hatred towards or sexually degrading thoughts about Dr. Must, so it is unclear on what basis Probation alleges he even violated Mr. Lau's directive.  What is crystal clear here is that the application of Mr. Lau's directive to Mr. Kushner's conduct violates Mr. Kushner's right to due process because the directive "has no objective baseline.  No source provides anyone – courts, probation officers, prosecutors, law enforcement officers, or [Kushner] himself – with guidance as to what constitutes a [violation]." *Reeves*, 591 F.3d at 81.  The Second Circuit's opinion in *Reeves* is instructive in that it held a similarly incoherent condition of supervised release prohibiting the release from entering into a "significant romantic relationship" unconstitutionally vague:

> We easily conclude that people of common intelligence (or, for that matter, of high intelligence) would find it impossible to agree on the proper application of [this release condition]. . . . What makes a relationship "romantic," let alone "significant" in its romantic depth, can be the subject of endless debate that varies across generations, regions, and genders."

*Id*.  The same reasoning obtains here because it is impossible for people of ordinary intelligence to agree on the proper application of a release condition triggered by "anger," "sexually degrading thoughts," and "sexual obsession."  *Id. See also*, *Green*, 618 F.3d at 124 (condition prohibiting releasee from the "wearing of colors, insignia, or obtaining tattoos or burn marks . . . relative to [criminal street] gangs" was unconstitutionally vague and failed to provide release with sufficient notice of the prohibited conduct; "[t]he range of possible gang colors is vast and indeterminate"); *LoFranco v. U.S. Parole Comm'n*, 986 F. Supp. 796, 809-812 (S.D.N.Y. 1997) (condition prohibiting contact with unidentified "outlaw motorcycle gangs" unconstitutionally vague); *State v. Vermont*, 22 A.3d 450, 453-454 (Vt. 2011) (condition prohibiting "[v]iolent or

5

threatening behavior" did not "fairly inform defendant of what actions might subject him to probation revocation.").[3]

Accordingly, because Mr. Lau's directive is vague and amorphous, and fails to provide Mr. Kushner adequate warning of the specific conduct that would violate the directive, it is unconstitutionally vague and deprives Mr. Kushner of his right to due process.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court grant Mr. Kushner's motion to dismiss Specification 2 of the Charging Document.

Dated: New York, New York
October 21, 2012

Respectfully submitted,

/S/ Eric M. Creizman
Eric M. Creizman (EC 7684)
CREIZMAN PLLC
565 Fifth Avenue, 7th Floor
New York, New York 10017
Phone: (212) 972-0200
Fax: (646) 200-5022
Email: ecreiz@creizmanllc.com

*Attorneys for Seymour Kushner*

---

[3] The rules applicable to the group sessions in which Mr. Kushner participated (referenced on pages 4-6 of the Charging Document) demonstrates the abject incoherence of Mr. Lau's directive. *See* Creizman Decl. Ex. B. Indeed, the document directly contradicts Mr. Lau's directive to Mr. Kushner as Probation seeks to apply it in the Charging Document: "Members are expected to share all information related to sexual offending behavior with the group. Sexual offending thoughts and fantasy are expected, not illegal, and **must** be shared in the group." *Id.* (emphasis in original).

6